UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Aspen Ford, Inc., Bright Bay Lincoln-
Mercury, Inc., Hempsted Lincoln-Mercury
Motors Corp., Koeppel Ford, Inc., L&B
Lincoln Mercury, Inc., McDaniel Ford,
Inc., Smithtown Ford, Inc., Tower Ford,
Inc., Dan Buckey Ford, Inc., R.C.Lacy,
Inc., Patchogue Motors, Inc., Wantagh
Ford, Inc., McCarville Ford, Inc.,
Morningstar Ford, Inc., Johnson Ford,
Inc., Bill Kolbe, Jr.,

                    Plaintiff,

        - against -

Ford Motor Company,

                                        CV-01-4677 (CPS)
                    Defendant.           CV-99-5978 (CPS)

----------------------------------------X
                                        MEMORANDUM OPINION
Universal Ford, Inc.,                    AND ORDER

                    Plaintiff,

        - against -

Ford Motor Company,

                    Defendant.

----------------------------------------X

SIFTON, Senior Judge.

        Plaintiffs Aspen Ford, Inc., McCarville Ford, Inc.

("McCarville"), L&B Lincoln-Mercury, Inc. ("L&B"), Bright Bay

Lincoln Mercury Inc., Hempsted Lincoln-Mercury, Koeppel Ford

Inc., McDaniel Ford Inc., Popular Ford Inc., Smithtown Ford Inc.,

Tower Ford Inc., Dan Buckley Ford Inc., R.C.Lacy, Inc., Patchogue

Motors, Inc., Wantagh Ford, Inc., Morningstar Ford, Inc., Johnson Ford Inc., Universal Ford, Inc., and Bill Kolbe Jr. brought these action against the Ford Motor Company ("Ford"), seeking damages and injunctive relief for alleged violations of §465 of the New York Vehicle and Traffic Law ("NYVTL") and breach of contract.[1] In substance, plaintiffs claim that Ford failed to reimburse them for parts used to make repairs covered by Ford's consumer warranties in amounts required by statute.

Pursuant to a stipulation, so-ordered by Magistrate Judge Gold on November 14, 2003, the parties agreed that L&B and McCarville would serve as 'test' plaintiffs.[2]  On March 28, 2006, I granted Ford's motion for summary judgment against L&B and McCarville. *Ford v. Ford Motor Co.,* 2006 WL 842397 (E.D.N.Y. 2006).  On March 12, 2007, I denied plaintiffs' motion for reconsideration and defendant's motions for entry of partial summary judgment and costs and fees. *Ford v. Ford Motor Co.,* 2007 WL 777739 (E.D.N.Y. 2007).

On June 15, 2007, the parties notified the Court that they had agreed to a stipulation of dismissal of all claims of the

---

[1] Two cases were filed.  In case number 99-CV-5978, the only plaintiff was Universal Ford.  The remaining plaintiffs filed this action together in case number 01-CV-4677. All parties in both actions later agreed to have L&B and McCarville serve as test plaintiffs, as discussed below.

[2] In accordance with that agreement, the parties agreed that they will be bound by any legal decisions in the L&B and McCarville case, but to the extent other plaintiffs present different material facts, the factual findings with regards to the test plaintiffs will not bind those non-test plaintiffs.

remaining non-test plaintiffs, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(ii).[3] Now before the Court is a motion by McCarville, L&B and Ford to direct the entry of final judgment. For the reasons set forth below, this motion is denied.[4]

## Background

Familiarity with the underlying facts and procedural history of this case, as set forth in prior decisions, is presumed.

## Discussion

*Entry of Final Judgment*

In my March 28, 2006, Memorandum Opinion and Order, I granted Ford's motion for summary judgment against L&B and McCarville, I ordered the Clerk "enter judgment in favor of defendant." On March 29, 2007, the Clerk filed a "Judgement" stating "that plaintiff [sic] take nothing of the defendant; and that defendant's Motion for Summary Judgment is granted."

---

[3] Fed. R. Civ. P. 41(a)(1)(ii) states that "an action may be dismissed by the plaintiff without order of court . . . by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice . . . ." Accordingly, the district court has no discretion as to whether to permit such a dismissal, contrary to motions made pursuant to Fed. R. Civ. P. 41(a)(2) (voluntary dismissal per order of the Court).

[4] The parties have also moved to amend the caption of the Complaint to reflect the fact that only McCarville and L&B remain as plaintiffs. However, given the denial of the motion for entry of final judgment, such a motion appears to be moot.

Recognizing that the judgment did not dispose of all claims by all parties in the case, Ford thereafter moved for entry of a partial judgement under Fed. R. Civ. P. 54(b).[5] I thereafter denied the motion for entry of a partial judgment on the grounds that "the claims of the other plaintiffs are inseparable and an immediate appeal will lead to piecemeal appeals." The parties now request that I enter final judgment in favor of Ford, pursuant to Fed R. Civ. P. 60(a).[6] *See In re Frigitemp Corp.*, 781 F.2d 324, 327 (2d Cir. 1986) (Rule 60(a) applies where "the judgment simply has not accurately reflected the way in which the rights and obligations of the parties have in fact been adjudicated.").

As Ford recognized in its original Rule 54(b) motion, the Clerk's judgment was not a final judgment for the purposes of

---

[5] The statute reads, in relevant part:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b).

[6] The statute reads, in relevant part: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

The parties here argue the Clerk's "Judgment," which failed to specify that the claims of L&B and McCarville had been dismissed was a clerical error which should be corrected since it is "clear from this Court's Summary Judgment Order" that the intent of the Court was to dismiss the claims of L&B and McCarville and the "Judgement should be corrected . . . and the corrected Judgement entered as a final Judgement."

appeal, nor did I intend for that to be the case. *See* 28 U.S.C. §
1291 ("The courts of appeals . . . shall have jurisdiction of
appeals from all final decisions of the district courts of the
United States."); *Weyant v. Okst*, 198 F.3d 311, 314 (2d Cir.
1999) ("A judgment is said to be final if it conclusively
determines the rights of the parties to the litigation and leaves
nothing for the court to do but execute the order or resolve
collateral issues."). The ruling on summary judgement did not
resolve all the outstanding issues, as there remain claims of
other plaintiffs potentially presenting materially different
factual situations.[7] Accordingly, it is appropriate to vacate
the Clerk's judgment of March 29, 2007, and now take up the
question of whether it is appropriate to enter a final judgment
now that the claims of the non-test plaintiffs have been
dismissed.

"It is appropriate to take a practical view of [a]
dismissal." *Chappelle v. Beacon Communications Corp.,* 84 F.3d
652, 654 n.3 (2d Cir. 1996). Where "a dismissal without
prejudice does not preclude another action on the same claims, a
plaintiff who is permitted to appeal following a voluntary
dismissal without prejudice will effectively have secured an

---

[7] For example, test plaintiffs were aware of Ford's supplemental
reimbursement policy, while, as I noted my 2001 decision *Universal Ford, Inc.
v. Ford Motor Co,* 2001 WL 1502994 (E.D.N.Y. 2001), plaintiff Universal Ford
was apparently not aware of the policy.

otherwise unavailable interlocutory appeal." *Id*. at 654
(Dismissing the appeal for lack of appellate jurisdiction and
noting that "[a] plaintiff's attempt to appeal a prior adverse
determination following the dismissal of his remaining claims
without prejudice necessarily implicates the policies of the
final judgment rule.").[8]  Since there is nothing preventing the
dismissed plaintiffs from renewing their lawsuit after a ruling
on appeal, this motion is, in substance, identical to the
previously denied Rule 54(b) motion and implicates the same
concerns about piecemeal appeals, and is accordingly denied.[9] *See
South Austin Coalition Community Council v. SBC Communications
Inc.,* 191 F.3d 842, 844 (7th Cir. 1999) (When "a judge grants
summary judgment on one claim in a complaint, and the litigant
dismisses another without prejudice, planning to reinstate the
dismissed claim after receiving an appellate decision on the
first [] [s]uch a 'dismissal' is smoke and mirrors; the reality
is that the case is ongoing in the district court, and 28 U.S.C.
§ 1291 does not authorize appeal from resolution of a single

---

[8] While the *Chappelle* court was dealing a case where a single plaintiff
dismissed without prejudice the remaining claims in order to appeal the
adverse ruling, the reasoning applies equally in this case, where non-test
plaintiffs with unresolved claims are dismissed without prejudice by
stipulation to allow the test plaintiffs to proceed with their appeal.

[9] The parties have not argued "that an immediate appeal from the order
[will] materially advance the ultimate termination of the litigation," as
required under 28 U.S.C. § 1292(b). *Mayers v. New York Community Bancorp,
Inc.,* 2006 WL 2013734, at *8 (E.D.N.Y. 2006).

claim in a multi-claim or multi-party case, except under the conditions in Fed. R. Civ. P. 54(b).").

## Conclusion

For the reasons set forth above, the motion to direct the entry of final judgment is denied.  The Clerk is directed to transmit a filed copy of the within to all parties and the Magistrate Judge.

SO ORDERED.


Dated :   Brooklyn, New York
          July 30, 2007


                        By: /s/ Charles P. Sifton (electronically signed)
                            United States District Judge