UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Aspen Ford, Inc., Bright Bay Lincoln-
Mercury, Inc., Hempsted Lincoln-Mercury
Motors Corp., Koeppel Ford, Inc., L&B
Lincoln Mercury, Inc., McDaniel Ford,
Inc., Smithtown Ford, Inc., Tower Ford,
Inc., Dan Buckey Ford, Inc., R.C.Lacy,
Inc., Patchogue Motors, Inc., Wantagh
Ford, Inc., McCarville Ford, Inc.,
Morningstar Ford, Inc., Johnson Ford,
Inc., Bill Kolbe, Jr.,

                    Plaintiffs,

          - against -

Ford Motor Company,

                                        CV-01-4677 (CPS)
                    Defendant.          CV-99-5978 (CPS)

----------------------------------------X

                                        MEMORANDUM OPINION
Universal Ford, Inc.,                   AND ORDER

                    Plaintiff,

          - against -

Ford Motor Company,

                    Defendant.

----------------------------------------X

SIFTON, Senior Judge.

      Plaintiffs Aspen Ford, Inc., McCarville Ford, Inc.

("McCarville"), L&B Lincoln-Mercury, Inc. ("L&B"), Bright Bay

Lincoln Mercury Inc., Hempsted Lincoln-Mercury, Koeppel Ford

Inc., McDaniel Ford Inc., Popular Ford Inc., Smithtown Ford Inc.,

Tower Ford Inc., Dan Buckey Ford Inc., R.C.Lacy, Inc., Patchogue

Motors, Inc., Wantagh Ford, Inc., Morningstar Ford, Inc., Johnson

Ford Inc., Universal Ford, Inc., and Bill Kolbe Jr. brought these actions against the Ford Motor Company ("Ford"), seeking damages and injunctive relief for alleged violations of §465 of the New York Vehicle and Traffic Law ("NYVTL") and breach of contract.[1] In substance, plaintiffs claim that Ford failed to reimburse them for parts used to make repairs covered by Ford's consumer warranties in amounts required by statute.

Pursuant to a stipulation, so-ordered by Magistrate Judge Gold on November 14, 2003, the parties agreed that L&B and McCarville would serve as 'test' plaintiffs.[2]  On March 28, 2006, I granted Ford's motion for summary judgment against L&B and McCarville.  *Ford v. Ford Motor Co.,* 2006 WL 842397 (E.D.N.Y. 2006).  On March 12, 2007, I denied plaintiffs' motion for reconsideration and defendant's motions for entry of partial judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  *Ford v. Ford Motor Co.,* 2007 WL 777739 (E.D.N.Y. 2007).  On June 15, 2007, the parties notified the Court that they had agreed to a stipulation of dismissal of all claims of the remaining non-test plaintiffs, without prejudice, pursuant to

---

[1] Two cases were filed.  In case number 99-CV-5978, the only plaintiff was Universal Ford.  The remaining plaintiffs filed this action together in case number 01-CV-4677. All parties in both actions later agreed to have L&B and McCarville serve as test plaintiffs, as discussed below.

[2] In accordance with that agreement, the parties agreed that they would be bound by any legal decisions in the L&B and McCarville case, but to the extent other plaintiffs present different material facts, the factual findings with regards to the test plaintiffs would not bind those non-test plaintiffs.

Fed. R. Civ. P. 41(a)(1)(ii).[3]  On July 30, 2007, I denied

McCarville, L&B and Ford's joint motion to direct the entry of

final judgment.  *Ford v. Ford Motor Co.,* 2007 WL 2219477

(E.D.N.Y. 2007).  Following the denial of the motion for entry of

final judgment, the remaining plaintiffs expressed their intent

to refile their claims, although they have not yet done so.  *See*

Plaintiffs' Memorandum of Law, dated November 14, 2007.

On November 14, 2007, plaintiffs filed a motion to certify

the March 28, 2006, Memorandum Opinion and Order for an

interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  For the

reasons stated below, plaintiffs' motion is denied.

## BACKGROUND

Familiarity with the underlying facts and procedural history

of this case, as set forth in prior decisions, is presumed.

## DISCUSSION

Courts of appeals have jurisdiction of appeals from final

orders of the district courts.  28 U.S.C. § 1291.  However, 28

U.S.C. § 1292(b) grants district courts authority to permit the

appeal of an interlocutory order if it involves "a controlling

question of law as to which there is substantial ground for

difference of opinion and . . . an immediate appeal from the

---

[3] Fed. R. Civ. P. 41(a)(1)(ii) states that "an action may be dismissed by the plaintiff without order of court . . . by filing a stipulation of dismissal signed by all parties who have appeared in the action.  Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice . . ."

order may materially advance the ultimate termination of the litigation . . ." 28 U.S.C. § 1292(b). Even if a district court certifies an order for interlocutory appeal, the Court of Appeals may decline to hear the appeal. *Id*.

District courts "are to exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Dist. Corp.,* 964 F.2d 85, 89 (2d Cir. 1992). The statute is to be strictly construed and "only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Klinghoffer v. S.N.C. Achilee Lauro*, 921 F.2d 21, 25 (2d Cir. 1990)(quoting *Coopers & Lybrand*, 437 U.S. 463, 475 (1978)). "'[D]istrict court judges have broad discretion to deny certification even where the statutory criteria are met.'" *Morris v. Flaig*, 511 F.Supp.2d 282, 314 (E.D.N.Y. 2007)(quoting *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.,* 2007 WL 1119753 (S.D.N.Y. 2007)).

"The question of law certified for interlocutory appeal must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Id*. (internal quotation marks and citation omitted). A question of law is controlling if reversal of the order would "significantly affect the conduct of the action. . ." *S.E.C. v. Credit Bancorp, Ltd.*, 103 F.Supp.2d 223, 227 (S.D.N.Y. 2000).

According to plaintiffs, the Court's conclusion that dealers who have already sought reimbursement at the standard rate set by the manufacturer are precluded from seeking reimbursement at a higher rater under NYVTL § 465 is a controlling question of law as to which there is a substantial ground for difference of opinion. Although I agree that the conclusion of the March 28, 2006 Memorandum Opinion and Order is a controlling question of law, plaintiffs have failed to establish that there is a substantial ground for a difference of opinion.

A substantial ground for a difference of opinion exists when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Morris*, 511 F.Supp.2d at 317 (quoting *In re Citigroup Pension Plan Erisa Litigation*, 2007 WL 1074912, at *2 (S.D.N.Y. 2007)).

Plaintiff argues that there is conflicting authority on the issue, relying on the holding of the Southern District of the New York in *Ralph Oldsmobile, Inc. v. General Motors Corporation*, 2000 WL 1459767(S.D.N.Y. 2000). In the March 28, 2006 Memorandum Opinion and Order, I distinguished the facts of the instant action from *Ralph Oldsmobile*, highlighting the exception contemplated by the *Ralph Oldsmobile* court for a situation in which the manufacturer had requested the dealer's prices to calculate the reasonable price for the community and the dealer

refused.  I determined that Ford's supplemental policy requested evidence of the dealers' parts prices and the dealers refused to provide that information by not submitting claims through the supplemental policy procedure.  March 28, 2006 Memorandum Opinion & Order, pp. 14-15. Accordingly, the differences in the underlying factual allegations of *Ralph Oldsmobile* and the instant action do not support plaintiffs' claim of conflicting legal authority.

Nor have plaintiffs been able to meet their burden of showing that the issue is one of first impression in this Circuit.  An appeal of the Southern District of New York's decision in *Tom Rice Buick-Pontiac GMC Truck, Inc., et al., v. General Motors Corporation*, 2006 WL 2322626 (S.D.N.Y. 2006) is currently pending before the Court of Appeals for the Second Circuit, Docket No. 06-5247-CV, the outcome of which will have direct bearing on the controlling law of the instant actions. Letter from Plaintiffs, dated October 5, 2007.  In *Tom Rice*, the district court granted defendant manufacturer's motion for summary judgment because plaintiff dealer had failed to seek reimbursement at a higher rate, as required under § 465, to trigger the manufacturer's statutory obligations.  Since the legal issue in dispute in this case is currently pending on appeal before the Second Circuit, I do not find that plaintiffs have demonstrated exceptional circumstances to warrant an

interlocutory appeal.

Even if the legal issue in dispute was not already on appeal, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion. . . Rather, . . . 'the district judge . . . [must] analyze the strength of the arguments in opposition to the challenged ruling . . .'" *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)(quoting *Max Daetwyler Corp. v. Meyer*, 575 F.Supp. 280, 283 (E.D.Pa. 1983)). Here, the parties disagree as to the interpretation of persuasive authority, *Ralph Oldsmobile,* and plaintiffs argue that the court's decision, including the statutory interpretation of NYVTL § 465 and distinction made between this case and *Ralph Oldsmobile*, was incorrect. Neither disagreement as to the interpretation of persuasive authority, *Williston v. Eggleston,* 410 F.Supp.2d 274, 277 (S.D.N.Y. 2006), nor a claim that a district court's decision is incorrect, *Morris*, 511 F.Supp.2d at 318, suffice to establish a substantial ground for a difference in opinion. Because plaintiffs have failed to demonstrate that there is a substantial difference of opinion as to a controlling question of law, I need not consider whether an interlocutory appeal would materially advance the ultimate termination of the litigation. Accordingly, plaintiffs' motion for certification of an interlocutory appeal of the March 26, 2006, Memorandum Opinion

and Order is denied.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion for certification of an interlocutory appeal of the March 28, 2006, Memorandum Opinion and Order is denied.  Non-test plaintiffs who wish to refile their actions are directed to do so within 30 days.

The Clerk is directed to transmit a copy of the within to the parties and to the Magistrate Judge.

SO ORDERED.

Dated :  Brooklyn, New York
         January 15, 2008


              By:    /s/ Charles P. Sifton (electronically signed)
                            United States District Judge